UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA AURORA AGUILAR CALVILLO (A-209-402-288) | Case No.  1:26-cv-00569 DC CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, Warden, California City Correctional Facility, et al., | |
| Respondents. | |

Petitioner Petra Aurora Aguilar Calvillo (A-209-402-288), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her re-detention by U.S. Immigration and Customs Enforcement ("ICE").  This action proceeds on the amended petition.  (ECF No. 19.)  Petitioner argues that her re-detention without a bond hearing and her continued detention violate her due process rights under the Fifth Amendment and that her arrest violated the Fourth Amendment.  (Id. at 14-17 (claims one through three).)  For the following reasons, this Court recommends that the amended petition be granted in part and denied in part.

I.      BACKGROUND

Petitioner is a native and citizen of Mexico.  (ECF No. 1 at  2.)  Petitioner entered the United States without inspection in October 2016.  (Id.)  Shortly after entering the United States,

1

petitioner was detained and then released on parole.  (Id.)  Petitioner does not have a final order of removal.  (Id.)  On September 3, 2025, petitioner was re-detained by ICE.  (Id.)  Petitioner sought review of her re-detention in immigration court, but on January 13, 2026, an immigration judge denied her request for bond, claiming that the immigration court lacked jurisdiction to consider her request.  (Id.)  Petitioner remains detained at the California City Correctional Facility.  (Id. at 5.)

On January 23, 2026, petitioner filed her original habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  The petition raised three claims alleging violation of the Fifth Amendment substantive due process clause, the Fifth Amendment procedural due process clause, and the Fourth Amendment for unlawful arrest.  (ECF No. 1 at 11-14.)

On January 23, 2026, the district court stated that the issues raised by petitioner appeared to mirror those previously addressed in many prior cases.  (ECF No. 5 (citing Selis Tinoco v. Noem, 1:25-cv-1762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); D.L.C. v. Wofford, et al., 1:25-cv-1996 DC JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026)).  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a temporary restraining order.  (Id.)  On January 27, 2026, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 6.)  In the opposition, respondents acknowledged that judges in the Eastern District of California "have granted [temporary restraining orders] like the one that Petitioner requests" on the same basis as petitioner requests a temporary restraining order.  (Id. at 2 n. 2.)  However, respondents contended that petitioner's case was substantively distinguishable from those cases because "Petitioner was taken into ICE custody after agents with the United States Forest Service executed a federal search warrant at her residence in September 2025 and found ammunition and a high-capacity magazine in the room that she shared with another individual that she cannot lawfully possess due to her illegal status."  (Id. at 1.)  Respondents noted that the "search warrant was for an alleged cultivation of marijuana on public lands."  (Id. at 2.)  Respondents requested that the district court deny petitioner's motion for a temporary restraining order.  (Id.)

In the reply to respondents' opposition, petitioner did not dispute that her detention followed discovery of the contraband pursuant to a lawfully executed search warrant but argued that respondents "have not explained how a weapon found in the house was related to [petitioner] or whether [petitioner] was ever charged with a crime." (ECF No. 7 at 8.)  Petitioner argued, "this is precisely why there is a bond hearing requirement" such that petitioner can "present her case" that the discovery of the contraband does not show she is a flight risk or a threat to safety. (Id.)

On January 31, 2026, the district court granted petitioner's motion for a temporary restraining order and ordered respondents to provide petitioner with a post-deprivation bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven days.  (ECF No. 9 at 8.)   The district judge found that petitioner was likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process.  (Id. at 4-5 (citing Labrador-Prato, 2025 WL 3458802, at *3 (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018))).  The district court found that unlike Labrador-Prato and Selis Tinoco, respondents viably alleged that petitioner's re-detention was precipitated by a changed circumstance arguably indicating that petitioner is a threat to public safety.  (Id. at 5.)  The district court found that while petitioner was likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the proper remedy for this violation is for petitioner to receive a post-deprivation bond hearing in which respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that petitioner is either a flight risk or threat to public safety, such that her detention is justified.  (Id. at 5-6 (citing Martinez Hernandez v. Andrews, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) (finding that where the government's asserted justifications for noncitizen's re-detention "are not obviously pretextual" and "there is a dispute of fact as to whether Petitioner repeatedly violated the terms of his parole" the proper remedy is "prompt, post-deprivation process" rather than immediate release); O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK, 2025 WL 3485221, at *5 (E.D. Cal. Dec. 4, 2025) (finding that the petitioner's dispute as to whether he violated the terms of his supervised release

3

"does not demonstrate that his detention was pretextual," and therefore he "is not entitled to immediate release but is entitled to an in-custody bond hearing.")).  The district court further ordered that if respondents failed to provide petitioner with a bond hearing as ordered, petitioner shall be immediately released on the same terms as her 2016 parole.  (ECF No. 9 at 8.)

On February 10, 2026, respondents filed a status report stating that petitioner received a bond hearing before an immigration judge on February 6, 2026, and was ordered detained.  (ECF No. 10.)  On February 10, 2026, petitioner filed a request for immediate release on grounds that at the February 6, 2026 bond hearing, the immigration judge placed the burden on petitioner in violation of the district court's January 31, 2026 order.  (ECF No. 11.)  On February 25, 2026, the district court ordered respondents to file a response to petitioner's request for immediate release by 5:00 p.m. on February 27, 2025.  (ECF No. 12.)  In response to petitioner's request for immediate release, respondents did not dispute that the immigration judge placed the burden on petitioner but argued that the district court's order was unclear as to whom should bear the burden.  (ECF No. 13 at 2.)  On March 6, 2026, the district court observed that the January 31, 2026 order directed that respondents had the burden at the post-deprivation hearing.  (ECF No. 14.)  The district court ordered that within seven days, respondents must provide petitioner with a renewed bond hearing before an immigration judge at which respondents bear the burden of showing, by clear and convincing evidence, that petitioner is either a flight risk or danger to public safety, such that her continued detention is justified.  (See id.)

On March 24, 2026, petitioner filed a pleading titled, "Motion for Immediate Release and Amended Habeas Corpus Petition."  (ECF No. 16.)  Exhibits attached to this motion indicate that petitioner received her renewed bond hearing on March 12, 2026.  (ECF No. 16-1.)  On March 25, 2026, the district court issued an order addressing this motion.  (ECF No. 17.)  The district court observed that in this motion, petitioner argued that (1) petitioner's immigration detention had become unreasonably prolonged such that her continued detention violated her right to due process; and (2) petitioner was unlawfully detained without a warrant in violation of the Immigration and Nationality Act ("INA").  (Id.)  The district court stated that as to prolonged detention, the district court had found that noncitizens subject to immigration detention of a

4

comparable duration to petitioner were entitled to a bond hearing at which the government bears the burden of justifying petitioner's continued detention. (Id. (citing Nasar v. Warden of the California Cit Det. Ctr., No. 2:26-cv-00433 DC AC, 2026 WL 731160, at *6 (E.D. Cal. Mar. 16, 2026)). The district court stated that, however, as petitioner concedes, she had already been granted a bond hearing by the district court. (Id.) The district court stated that to the extent petitioner argued that the evidence considered by the immigration judge was insufficient to meet the government's burden, that was an argument to be raised to the Board of Immigration Appeals, not the district court. (Id. (citing Loba L.M. v. D.A.L.M., No. 1:25-00611 JLT SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Petitioner challenges the sufficiency of the evidence supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached…Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process.")). As to petitioner's argument that her detention was unlawful because respondents did not obtain a warrant, the district court stated that petitioner did not assert a claim in her habeas petition regarding a warrantless arrest. (Id.) Thus, petitioner could not predicate her motion for immediate release on this argument. (Id.) The district court denied petitioner's motion for immediate release. (Id.) To the extent petitioner claimed that her motion for immediate release constituted an amended petition, the district court found that petitioner filed an amended petition without leave of court. (Id.) If petitioner wished to file an amended petition, she may seek the court's leave to do so. (Id.) The district court referred this matter to the undersigned for further proceedings. (Id.)

On March 26, 2026, petitioner filed a motion to amend and a proposed amended petition. (ECF Nos. 18, 19.) The amended petition raises the same claims as the original petition, and raises a new claim that her arrest without a warrant violated the Fourth Amendment. (See ECF No. 1 at 11-14; ECF No. 19 at 14-17.) On March 27, 2026, this Court granted the motion to amend. (ECF No. 20.) This Court directed respondent to file an answer to the amended petition or motion to dismiss within seven days and ordered petitioner's reply/traverse or opposition to a motion to dismiss, if any, due within seven days after being served with the answer or motion to dismiss. (Id.) On April 3, 2026, respondents filed an answer. (ECF No. 22.) On April 6, 2026,

petitioner filed a reply.  (ECF No. 23.)  Briefing is now complete.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

### A.    Due Process Claims (Claims One and Two)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment rights by re-detaining her without a pre-deprivation bond hearing (claims one and two).  See Labrador-Prato, 2025 WL 3458802, at *4-5.  As the district court explained in Labrador-Prato, where a noncitizen not subject to a final removal order is released from immigration detention on their own recognizance, that noncitizen is constitutionally entitled to a pre-deprivation bond hearing in front of a neutral adjudicator.  See 1/31/2026 Order at 3; Labrador-Prato, 2025 WL 3458802, at *4-5.  Because respondents viably alleged that petitioner's re-detention was precipitated by changed circumstances, the proper remedy for this violation is that petitioner receive a post-deprivation hearing at which respondents must show, by clear and convincing evidence, that the changed circumstances demonstrate that petitioner is either a flight risk or a threat to public safety such that petitioner's detention is justified.  See 1/31/2026 Order

at 5; Martinez Hernandez, 2025 WL 2495757, at *12); O.A.C.S., 2025 WL 3485221, at *5).  As discussed above, petitioner received a renewed bond hearing on March 6, 2026 in accordance with the district court's January 31, 2026 order.

In the response to the amended petition, respondents address petitioner's February 6, 2026 bond hearing, not the March 6, 2026 renewed bond hearing.  (ECF No. 22 at 1-2.)  The district court already addressed and issued a ruling as to the February 6, 2026 bond hearing.  (ECF No. 14.)  This Court will therefore not address respondents' arguments regarding the February 6, 2026 bond hearing.  In petitioner's reply to the response, petitioner argues that the March 6, 2026 renewed bond hearing was not constitutionally adequate.  (ECF No. 23 at 3.)  In support of this claim, petitioner refers to an email attached as an exhibit to petitioner's motion for immediate release filed March 24, 2026.  (Id.)  This email is addressed to petitioner's counsel in the instant action from counsel who represented petitioner at the March 6, 2026 renewed bond hearing.  (ECF No. 16-1 at 1-4.)  This email addresses findings made by the immigration judge following petitioner's March 6, 2026 renewed bond hearing.  (Id.)  As discussed above, the district court also already addressed this issue in its March 25, 2026 order, finding that to the extent petitioner argued that the evidence considered by the immigration judge was insufficient to meet the government's burden, this argument must be raised to the Board of Immigration Appeals and not in this court.  (ECF No. 17 (citing Loba, 2026 WL 710307, at *8).)  Accordingly, this Court will not further address petitioner's challenges to the immigration judge's decision regarding the March 6, 2026 renewed bond hearing.

To the extent the amended petition raises a due process claim based on prolonged detention, this claim is without merit because petitioner received a renewed bond hearing on March 6, 2026.  See March 25, 2026 Order; Nasar, 2026 WL 731160, at *2-6  (petitioner entitled to renewed bond hearing after nine-month period between initial bond hearing and filing of petition).  Accordingly, the prolonged detention portion of the due process claims should be denied.

In summary, for the reasons discussed above, this Court recommends that the amended petition be granted as to claims one and two but for the prolonged detention portion of the due

7

process claims.  Because petitioner received the renewed bond hearing in compliance with the district court's January 31, 2026 order, no further relief is warranted.

### B. Fourth Amendment Claim (Claim Three)

Petitioner argues that her September 3, 2025 arrest by immigration officials violated the Fourth Amendment because she was arrested without a warrant.  (ECF No. 19 at 12-14, 16-18.)  For the following reasons, this claim should be denied.

Petitioner claims, and respondents do not dispute, that petitioner's detention is governed by 8 U.S.C. § 1226(a).  Section 1226(a) provides:

> On a warrant issued by the Attorney General, a[ ] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.... [T]he Attorney General--
>
> (1) may continue to detain the arrested [noncitizen]; and
>
> (2) may release the [noncitizen] on--
>
>> (A) bond ...; or
>>
>> (B) conditional parole[.]

8 U.S.C. § 1226(a).

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).... As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original).  "The language of § 1226(a)'s warrant requirement is unequivocal and does not afford the Government forgiveness simply by providing a bond hearing after the fact."  V.M. v. Albarran, 2026 WL 622185, at *3 (E.D. Cal. Mar. 5, 2026) (citing Yociris P. v. Bondi, 2026 WL 327937, at *3 (D. Minn. Feb. 8, 2026) ("Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings.")).

In response to the petition, respondents state that petitioner was arrested pursuant to a warrant.  (ECF No. 22 at 3.)  Attached to respondents' response is a copy of the warrant for petitioner's arrest issued by the Department of Homeland Security ("DHS") on September 3,

8

2025, the day petitioner was arrested.  (ECF No. 22-1 at 1.)  Because petitioner was arrested by immigration officials pursuant to a warrant issued on the day of her arrest, petitioner's claim that she was arrested without a warrant fails and should be denied.

In petitioner's reply, petitioner argues that the Form I-200, i.e., the arrest warrant, is not reviewed or approved by a neutral and detached magistrate judge and therefore does not satisfy the Fourth Amendment warrant requirement.  (ECF No. 23 at 4.)  This argument fails.  The Ninth Circuit has held that "consistent with the Fourth Amendment, immigration authorities may arrest individuals for civil immigration removal purposes pursuant to an administrative arrest warrant issued by an executive official, rather than by a judge."  Gonzalez v. U.S. Immigr. & Customs Enf't, 975 F.3d 788, 825 (9th Cir. 2020).

In the amended petition, petitioner also argues that her September 3, 2025 arrest for violating immigration law for which she was previously released violated the Fourth Amendment because no material change in circumstances justified her re-arrest.  (ECF No. 19 at 16-17.)  Petitioner argues that the Fourth Amendment prohibits government officials from conducting repeated arrests on the same probable cause.  (Id. at 16 (citing Williams v. Dart, 967 F.3d 625, 634 (7th Cir. 2020) ("[T]he primary purpose of an arrest is to ensure the arrestee appears to answer charges…Once the arrestee appears before the court, the purpose of the initial seizure has been accomplished…Further seizure requires a court order or new cause; the original probable cause determination is no justification."); United States v. Kordosky, 1988 WL 238041, at *7 n.14 (W.D. Wis. Sept. 12, 1988) ("Absent some compelling justification, the repeated seizure of a person on the same probable cause cannot, by any standard, be regarded as reasonable under the Fourth Amendment.")).  Petitioner argues that in the immigration context, this prohibition means that a person who immigration authorities released from initial custody cannot be re-arrested "solely on the ground that he is subject to removal proceedings" and without some new, intervening cause.  (Id. (quoting Saravia v. Sessions, 280 F. Supp. 3d 1168, 1196 (N.D. Cal. 2017), aff'd sub nom., Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 1988)).

As discussed above, petitioner was taken into ICE custody after United States Forest Service agents executed a federal search warrant at petitioner's residence and found ammunition

and a high-capacity magazine in the room petitioner shared with another individual, and which petitioner cannot lawfully possess due to her illegal status.  Petitioner does not dispute that her re-detention followed discovery of the contraband pursuant to a lawfully executed search warrant. Because petitioner was re-arrested based on an intervening cause, petitioner's claim that her re-arrest violated the Fourth Amendment because there was no intervening cause fails.

In the reply, petitioner also argues that the arrest violated the Fourth Amendment because the arrest warrant appears to have been served at the Redding ICE office after the arrest.  (ECF No. 23 at 4.)  As discussed above, petitioner was taken into ICE custody after United States Forest Service agents executed a federal search warrant at her residence in September 2025. Petitioner cites no authority in support of her claim that the arrest warrant was invalid because it was served on petitioner at the Redding ICE office after the arrest.  This Court finds that this argument also fails.

## IV.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The amended petition for writ of habeas corpus be GRANTED as to claims one and two, but for the portion of these claims challenging prolonged detention; the amended petition for writ of habeas corpus be DENIED as to the prolonged detention claim and claim three.  Because petitioner received the renewed bond hearing in compliance with the district court's January 31, 2026 order, no further relief is warranted.

2.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 22, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Calv569.imm.merits/2